The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with minor modification to Finding of Fact Number 8 and additions to the Conclusion of Law section to clarify the decision. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
There is a Form 21 Agreement in the file which was approved by the Industrial Commission and is a part of the record. Pursuant to that agreement, plaintiff was paid temporary total disability benefits from 28 October 1992 to 15 January 1993. The parties stipulated to medical records from Dr. Price and from Nash General Hospital.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with modification to Finding of Fact Number 8, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following
FINDINGS OF FACT
1. Plaintiff is a 30 year old high school graduate who went to work for defendant-employer on 31 July 1990 putting very small components on PC boards on an assembly line.
2. In April 1992 plaintiff began experiencing problems with her left upper extremity and received treatment therefore for several months. Then on 11 August 1992, plaintiff reported to defendant-employer the onset of problems in her right upper extremity. A Form 19 was completed on 14 August 1992 referencing an injury on 11 August 1992 caused by repetitive motion working at the prom station.
3. Defendants admitted liability for plaintiff's right upper extremity complaints via a Form 21 dated 28 January 1993. The Form 21 specifically references injury to "arm," not arms, occurring on 11 August 1992. Defendants did not admit liability for plaintiff's left arm complaints, which are therefore not the subject of this claim.
4. In December 1992, plaintiff came under the care of Dr. Barada for her right upper extremity complaints. Dr. Barada diagnosed regional fibromyalgia and rotator cuff strain caused by her activities at work, and prescribed Amitriptyline and exercise. By 16 December 1992, plaintiff was much improved and reported to Dr. Barada that her right hand and wrist were fine, but that she still experienced some right shoulder pain as the day wore on. Dr. Barada injected the right shoulder and opined that plaintiff should be able to return to work in 2 to 4 weeks.
5. On 26 December 1992, plaintiff was involved in an automobile accident in which she sustained injuries to both shoulders and her right arm. This accident significantly aggravated plaintiff's right arm complaints, such that because of the automobile accident plaintiff was unable to return to work in January 1993 as Dr. Barada had predicted.
6. Defendant-employer contacted plaintiff several times in January 1993 about returning to work, and reminded her that if she felt she was physically unable to work she would need to provide a doctor's excuse to that effect. No medical documentation was ever provided, and plaintiff's employment with defendant-employer was terminated pursuant to company policy.
7. Defendants stopped payment of compensation in January 1993 upon approval of a Form 24 application.
8. Plaintiff has not attempted to look for work since she last worked for defendant-employer. Plaintiff has work experience in retail clothing stores.
9. The injury of 11 August 1992 has not rendered plaintiff unable to earn the same wages she was earning at the time of the injury in the same or any other employment since January 1993, when, but for the automobile accident, plaintiff would have been able to return to work for defendant-employer.
10. Plaintiff retains no permanent disability as a result of the injury of 11 August 1992.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSION OF LAW
1. Plaintiff is not entitled to further benefits under the Workers' Compensation Act, inasmuch as she has not been disabledas a result of the injury of 11 August 1992 since the date of last payment of compensation. The key issue in this case revolves around causation rather than current extent of disability, in particular, the question of whether plaintiff's current condition can be sufficiently related back to her original injury or whether the intervening auto accident is responsible for plaintiff's current condition. There is insufficient convincing evidence of record to relate plaintiff's current condition back to her compensable on-the-job injury. As this is the case, the extent of plaintiff's disability becomes irrelevant to her workers' compensation case.
2. Plaintiff is thus not entitled to further benefits under the Workers' Compensation Act.
* * * * * * * * * * *
Accordingly, the foregoing findings of fact, and conclusions of law engender the following:
ORDER
1. Plaintiff's claim for further compensation is hereby DENIED.
2. Each side shall pay its own costs.
This case is ORDERED REMOVED from the Full Commission docket.
This the __________ day of ________________________, 1995.
 S/ _________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _________________________ J. RANDOLPH WARD COMMISSIONER
S/ _________________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/nwm 07/31/95